UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN T. FERGUSON,

     Plaintiff,

v.                                                                        Case No. 8:25-cv-64-TPB-AEP

SAMANTHA ZAGAME, *et al.*,

     Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT
## AND VEXATIOUS LITIGANT WARNING

This matter is before the Court *sua sponte* on Plaintiff Helen T. Ferguson's complaint. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

In this case, Ferguson sues Careersource Suncoast employees Samantha Zagame, Karima Habity, and Aldona Dziwosz for employment discrimination, asserting that Defendants discriminated against Plaintiff based on her race, color, gender, sex, religion, and national origin. A review of the complaint shows that Plaintiff has attempted to refile an amended complaint that had previously been filed in *Ferguson v. Careersource Suncoast*, 8:24-cv-1500-MSS-LSG, asserting identical claims for relief.[1] ***What is problematic for Plaintiff is that these***

---

[1] The Court notes that *Ferguson v. Careersource Suncoast*, No. 8:24-cv-1500-MSS-LSG ("Ferguson II") was itself duplicative of a previously filed case, *Ferguson v. Careersource Suncoast*, No. 8:24-cv-1267-KKM-AEP ("Ferguson I"). Ferguson I was dismissed without prejudice as a shotgun pleading after Plaintiff had multiple opportunities to amend her complaint. Ferguson II was ultimately dismissed with prejudice as a shotgun pleading

*claims have been dismissed with prejudice – that means that Plaintiff is not permitted to pursue them, even if she is unsatisfied with the prior judges' rulings.*

While reviewing the complaint, the Court discovered several cases filed by Plaintiff, each of which has been dismissed: *Ferguson v. Acura*, 8:16-cv-3460-SDM-TBM (M.D. Fla.) (case filed Dec. 21, 2016); *Ferguson v. Gettel Management Group*, 8:21-cv-1244-CEH-AAS (M.D. Fla.) (case filed June 3, 2021); *Ferguson v. Gettel Acura,* No. 8:23-cv-2322-WFJ-CPT (M.D. Fla.) (case filed Oct. 12, 2023); *Ferguson v. Gettel Management Group*, No. 8:23-cv-2853-MSS-NHA (M.D. Fla.) (case filed Dec. 12, 2023); *Ferguson v. Careersource Suncoast*, No. 8:24-cv-1267-KKM-AEP (M.D. Fla.) (case filed May 23, 2024); *Ferguson v. Careersource Suncoast*, No. 8:24-cv-1500-MSS-LSG (M.D. Fla.) (case filed June 20, 2024). These cases demonstrate that Plaintiff has a history of filing duplicative cases, which constitutes a waste of judicial economy.

**Judges have a duty to stop parties with a demonstrated track record of filing frivolous and duplicative *pro se* cases. Plaintiff is warned that if she continues to file frivolous and/or duplicative cases in this Court, she will be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions. Or, more directly to the point --**

---

after Plaintiff had at least one opportunity to amend her complaint. The instant complaint in this case ("Ferguson III") is identical to the prior amended complaint in *Ferguson II* that was dismissed with prejudice and thus suffers from the same defects already identified by the other judges.

**injunctive relief simply directing the Clerk not to accept future filings without first obtaining prior leave of the Court.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of January, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE